UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TODD JEROME, MALIK WHITE, and
JENNIFER GILNER, for themselves
and others similarly situated,

**CLASS REPRESENTATION**

Plaintiffs,

**JURY TRIAL DEMANDED**

v.

GRILL CONCEPTS, INC., a foreign corporation d/b/a
GRILL ON THE ALLEY, GRILL CONCEPTS SERVICES,
INC. a foreign corporation d/b/a GRILL ON THE ALLEY,
ROBERT SPIVAK and JOHN SOLA,

Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, TODD JEROME ("JEROME"), MALIK WHITE ("WHITE") and JENNIFER

GILNER ("GILNER") (collectively, the "Plaintiffs"), on behalf of themselves and other similarly

situated persons, file this Complaint against the Defendants, GRILL CONCEPTS, INC., a foreign

corporation d/b/a GRILL ON THE ALLEY, GRILL CONCEPTS SERVICES, INC., a foreign

corporation d/b/a GRILL ON THE ALLEY, ROBERT SPIVAK, an individual, and JOHN SOLA,

an individual, and state as follows:

### INTRODUCTION

1.      This is an action by the Plaintiffs, on behalf of themselves and others similarly

situated employees, against their current and former employers, which operated a restaurant in

Miami-Dade County, Florida doing business as "Grill on the Alley."

2.    This lawsuit seeks to recover unpaid minimum wages for the Plaintiffs and other similarly situated restaurant servers and bartenders who worked for the Defendants during the five years prior to the filing date of this Complaint to the present.

3.    This lawsuit also seeks to recover unpaid overtime wages for the Plaintiffs and other similarly situated servers and bartenders who have worked at Grill on the Alley during the three years years prior to the filing date of this Complaint.

4.    The Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution, Fla. Stat. §448.110, and Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages.   The Plaintiffs bring this action pursuant to the FLSA to recover unpaid overtime wages, both for themselves and others similarly situated.

<u>**JURISDICTION AND VENUE**</u>

5.    The FLSA, the Florida Minimum Wage Act, Article X, §24 of the Florida Constitution (the Florida Minimum Wage Amendment), and Fla. Stat. §448.110 (the Florida Minimum Wage Act), provide this Court with jurisdiction over the minimum wage claims herein.

6.    This Court also has jurisdiction over the unpaid overtime wage claims asserted herein pursuant to 29 U.S.C. §201 *et seq.,* 29 U.S.C. 216(b), 28 U.S.C. §§ 1331 and 1367.

7.    Venue is proper in the Southern District of Florida, as Grill on the Alley is located in that judicial district, and the unlawful employment practices alleged below occurred or were committed therein.

8.    At all times pertinent to this Complaint, the corporate Defendants were "enterprise[s] engaged in interstate commerce," as defined by the FLSA.  At all times pertinent

2

to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

9.     During the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00, respectively.

10.     The Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.  Specifically, on a regular and recurrent basis, the Plaintiffs and other restaurant servers and bartenders, handled food and beverages as part of their restaurant server duties that were manufactured outside the State of Florida.

## PARTIES

### Plaintiffs

11.     From or about August 2013 and through the current date, Plaintiff, JEROME, was employed by the Defendants as a food and beverage server.

12.     At all times material hereto, JEROME, was and continues to be a resident within Broward County, Florida in the Southern District of Florida.

13.     At all times material hereto, Plaintiff JEROME was an "employee" of the Defendants within the meaning of the FLSA, the Florida Minimum Wage Amendment and the Florida Minimum Wage Act.

14.     Between October 31, 2008 and the current date, Plaintiff, WHITE, was employed by the Defendants as a food and beverage server.

15.     At all times material hereto, Plaintiff WHITE, was and continues to be a resident within Miami-Dade County, Florida in the Southern District of Florida.

16.     At all times material hereto, Plaintiff WHITE was an "employee" of the Defendants within the meaning of the FLSA, the Florida Minimum Wage Amendment and the Florida Minimum Wage Act.

17.     Between about October 31, 2008 and the current date, Plaintiff, GILNER, was employed by the Defendants as a food and beverage server. Plaintiff GILNER also worked as a bartender starting in or around 2009.

18.     At all times material hereto, Plaintiff GILNER, was and continues to be a resident within Broward County, Florida in the Southern District of Florida.

19.     At all times material hereto, Plaintiff GILNER was an "employee" of the Defendants within the meaning of the FLSA, the Florida Minimum Wage Amendment and the Florida Minimum Wage Act.

20.     The Plaintiffs are covered employees within the meaning of the FLSA, Florida Minimum Wage Amendment and the Florida Minimum Wage Act.

21.     During the period of Plaintiffs' employment, both GILNER and WHITE, as well as certain other servers and bartenders working for the Defendants, worked in excess of 40 hours in a workweek, but were not correctly paid the applicable overtime rate for their hours in excess of forty in a workweek.

22.     During the period of Plaintiffs' employment, they and other servers and bartenders were paid below both the federal and Florida minimum wage.

**Defendants**

23.     The Defendants own and operate the Grill on the Alley restaurant in Miami-Dade County, Florida.

4

24.     During the period of the Plaintiffs' employment, and those of other similarly situated bartenders and servers, the Defendants had control over their working conditions and over the unlawful policies or practices alleged herein.

25.     During the relevant time period, each Defendant was an "employer" within the meaning of the FLSA, the Florida Minimum Wage Amendment, Fla. Const. Article X, §24, and the Florida Minimum Wage Amendment, Fla. Const. Article X, §24.

26.  Defendant, ROBERT SPIVAK was an owner/manager for Grill on the Alley who was involved in the day-to-day operations of the Defendant companies and/or was, ultimately,responsible for the supervision of Plaintiffs and other similarly situated employees. Therefore, he is personally liable for the violations alleged herein.

27.  Defendant, JOHN SOLA was a manager who was involved in the day-to-day operations of the Defendant companies and/or was, ultimately, directly responsible for the supervision of Plaintiffs and other similarly situated employees.  Therefore, he is personally liable for the violations alleged herein.

28.  Defendants, ROBERT SPIVAK  was directly involved in developing policies affecting employee compensation and/or hours worked by Plaintiffs and other employees similarly situated.

29.  Defendants, JOHN SOLA was directly involved in developing policies affecting employee compensation and/or hours worked by Plaintiffs and other employees similarly situated.

## FACTUAL ALLEGATIONS

30.     The Plaintiffs, and other similarly situated servers and bartenders were hourly paid, "tipped" employees.

31.     During the Plaintiffs' employment as well as those of and others servers, Defendants claimed a "tip credit" for the Plaintiffs and other servers, and paid them $3.02 less than the FLSA and Florida minimum wage for each hour worked.

32.     During the Plaintiff GILNER'S employment as well as those of and other bartenders, Defendants claimed a "tip credit," and paid their bartenders about $5.00 per hour— below both the FLSA and Florida minimum wage.

33.     The Florida Minimum Wage Amendment incorporates the Fair Labor Standards Act's ("FLSA") requirements for taking a tip credit.

34.     Pursuant to the FLSA, the Florida Minimum Wage Act, Article X, §24 of the Florida Constitution, in order for Defendants to claim a "tip credit," all tips received by each Plaintiffs, and others similarly situated, must be retained by the Plaintiffs, and others similarly situated, or shared only with eligible employees who customarily and regularly receive tips, as defined by law.

35.     Defendants had a policy or practice wherein servers and bartenders, including the Plaintiffs and others similarly situated, shared a portion of their tips with a kitchen worker called the "expediter."

36.     Expediters do not qualify as "tipped employees" and do not regularly and customarily receive tips under applicable law.

37.     During work shifts, Defendants' expediters worked within Grill on the Alley's kitchen area, behind a wall which separated them from the restaurant's dining area. There, the expediter worked with the restaurant's chefs to insure food orders were accurately prepared according to the customers' liking.

38.     Expediters did not have sufficient customer interaction to be eligible to receive tips from servers and bartenders.

39.     The requirement that the Plaintiffs share tips with the expediter invalidates the "tip credit" for Plaintiffs, and other similarly situated servers and bartenders.

40.     In addition to the foregoing, Plaintiffs and other Grill on the Alley servers and bartenders were required by Defendants to attend mandatory company meetings.  The Plaintiffs and other servers and bartenders were not compensated for all such meetings and, therefore, were paid below the applicable minimum wage for such time during which they attended such meetings.

41.     Defendants failed to keep accurate records time records regarding the hours worked by the Plaintiffs and others similarly situated, as required by the FLSA.

42.     Since Defendants were unable to claim a "tip credit," they were required to compensate Plaintiffs whom they employed, and others similarly situated, with at least the full FLSA and Florida minimum wage for each hour worked, less amounts already paid in wages.

43.     During the relevant time period, the Florida minimum wage was: $7.25 from part of 2009 to May 31, 2011; $7.31 from June 1, 2011 to December 31, 2011; $7.67 in 2012; $7.79 in 2013; and $7.93 in 2014.

44.     During the relevant time period, the federal minimum wage was: $7.25

45.     The Plaintiffs have retained Bober & Bober, P.A. to represent them in this action and are obligated to pay reasonable attorney's fees and costs if they prevail.

46.     All conditions precedent to filing this action, if any, have been satisfied.

**COUNT I**

**COLLECTIVE ACTION FOR PLAINTIFFS AND
OTHER EMPLOYEES SIMILARLY SITUATEDPURSUANT TO 29 U.S.C. 216(b)**

**FLSA MINIMUM WAGE VIOLATION, 29 U.S.C. §206**

47.  Plaintiffs realleges Paragraphs 1 through 46 as if fully stated herein.

48.  Pursuant to 29 U.S.C. § 216, Plaintiffs are provided a statutory right to bring this action on behalf of themselves and other employees similarly situated.

49.  The Defendants employed the Plaintiff and other servers and bartenders whom, like the Plaintiffs, functioned in serving food and drinks to Grill on the Alley customers.

50.  The proposed class members worked for Defendants at Grill on the Alley located in Aventura, Florida.

51.  The Defendants took a tip credit against the minimum wage for the Plaintiffs and all of their servers and bartenders.

52.  By availing themselves to an unlawful "tip credit," it was the policy or practice of the Defendants not to pay their servers and bartenders in conformance with the FLSA.

53.  Bartenders and servers working for the Defendants were subjected to a restaurant-wide policy or practice of being required to share a portion of the tips with a kitchen worker known as the "expediter."  Expediters did not have sufficient customer interaction to be eligible to receive tips from servers and bartenders.  The expediters' receipt of the tips of servers and bartenders renders invalid the tip credit the Defendants took against payment of the full minimum wage. Plaintiffs and other servers and bartenders were subjected to a restaurant-wide policy or practice of not being compensated for mandatory meetings, thereby resulting in the Defendants paying them below the applicable FLSA minimum wage.

8

54. The Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §203(m).

55. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA's minimum wage provisions.

56. Plaintiffs and the proposed class of similarly situated servers and bartenders were subjected to similar violations of the FLSA's minimum wage provisions. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) for alleged minimum wage violations is defined as:

> **All persons who worked for the Defendants as servers and/or bartenders at Grill on the Alley located in Aventura, Florida during the three years preceding this lawsuit, who were not paid at least the full minimum wage pursuant to the FLSA for hours worked.**

57. The size of the class and identity of the FLSA Class can be ascertained from the business records of Defendants.

WHEREFORE, Plaintiffs respectfully request, on behalf of themselves and other similarly situated servers and bartenders, that judgment be entered in their favor against the Defendants:

a. Declaring that Defendants, jointly and severally, violated the minimum wage provisions of the FLSA;

b. Awarding the Plaintiffs and other employees similarly situated, minimum wage compensation, and other benefits in the amount calculated;

c. Awarding the Plaintiffs and other employees similarly situated, liquidated damages in the amount calculated;

d. Awarding the Plaintiffs and others similarly situated a recoupment of tips paid to the expediters; and

e.      Awarding the Plaintiffs and said employees similarly situated attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f.      Awarding said employees similarly situated post-judgment interest; and

g.      Awarding such other and further relief as this Court deems just and proper.

## COUNT II

### COLLECTIVE ACTION FOR PLAINTIFFS, WHITE, GILNER AND OTHER EMPLOYEES SIMILARLY SITUATED PURSUANT TO 29 U.S.C. §216(b)

### FLSA OVERTIME VIOLATION, 29 U.S.C. §207

58.      Plaintiffs reallege Paragraphs 1 through 46 as if fully stated herein.

59.      Pursuant to 29 U.S.C. §216, Plaintiffs, WHITE and GILNER, are provided a statutory right to bring this action on behalf of themselves and other employees similarly situated.

60.      The Defendants employed Plaintiffs, and other similarly situated servers and bartenders whom, like the Plaintiffs, functioned in serving food and drinks to Grill on the Alley customers.

61.      The proposed class members worked for Defendants at Grill on the Alley located in Aventura, Florida.

62.      In addition to their normal regular work week, Plaintiffs WHITE and GILNER, and certain other similarly situated servers and bartenders, worked additional hours in excess of forty (40) per week for which they were not properly compensated at the statutory rate of time and one-half.

63.      The Defendants used an incorrect mathematical formula for compensating servers and bartenders for their overtime wages.

64.    Moreover, during workweeks when Plaintiff WHITE, GILNER and certain other similarly situated servers and bartenders worked overtime and were not paid for attending mandatory meetings, Defendants failed to pay them overtime as required by law.

65.    Plaintiffs, WHITE and GILNER, and other similarly situated servers and bartenders, were entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

66.    Defendants failed to pay Plaintiffs WHITE and GILNER, and certain other similarly situated servers and bartenders overtime compensation in the lawful amount for hours worked by them in excess of the maximum hours provided for in the FLSA.

67.    The Plaintiffs WHITE and GILNER, and other servers and bartenders were entitled to be paid at the *correct* rate for time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

68.    Records, if any, concerning the number of hours worked by servers and bartenders and the actual compensation paid to them are in the possession and custody of the Defendants. The Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case.

69.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate servers and bartenders, at the correct statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

70.     Defendants failed to properly disclose or apprise Plaintiffs, WHITE and GILNER, and other similarly situated servers and bartenders of their rights under the FLSA.

71.     Plaintiffs, WHITE and GILNER, and the proposed class were subjected to similar violations of the FLSA's overtime provisions.  The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) for alleged overtime wage violations is defined as:

> **All persons who worked for Defendants as servers and/or bartenders at Grill on the Alley located in Aventura, Florida during the three (3) years preceding this lawsuit, and who were not paid at least the applicable overtime pay rate of time and a half their regular rate of pay pursuant to the FLSA for hours worked over forty (40) in a workweek.**

72.     The size of the class and identity of the FLSA Class can be ascertained from the business records of Defendants.

73.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

74.     Due to the intentional, willful and unlawful acts of Defendants, the Plaintiff have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

75.     The Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, WHITE and GILNER , on behalf themselves and other similarly situated servers and bartenders, respectfully request that judgment be entered in their favor against the Defendants:

12

a.    Declaring that Defendants, have violated the maximum hour provisions of 29 U.S.C. § 207;

b.    Awarding Plaintiffs and others similarly situated overtime compensation in the amount calculated;

c.    Awarding Plaintiffs and others similarly situated liquidated damages in the amount calculated;

d.    Awarding Plaintiffs and others similarly situated reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.    Awarding Plaintiffs and others similarly situated post-judgment interest; and

f.    Ordering any other and further relief this Court deems to be just and proper.

**COUNT III**

**CLASS CLAIM**

**Class Claim for Unpaid Wages – Article X, §24, Florida Constitution
and Fla. Stat. §448.110**

**(By Plaintiffs on Behalf of the Class Against All Defendants)**

76.    Plaintiffs and the Class reallege paragraphs 1 through 46, as if fully set forth herein.

77.    This Count is brought pursuant to and arising under Article X, Section 24 of the Florida Constitution and Fla. Stat. §448.110.

78.    Claims for violations of the Florida Minimum Wage Amendment and §448.110 Fla. Stat. may be brought as a class action.

79.    The Plaintiffs bring this case as a class action against all Defendants on behalf of themselves and a Class consisting of:

13

> **All persons who worked for the Defendants as servers and/or bartenders at Grill on the Alley located in Aventura, Florida during the five years preceding this lawsuit, who were not paid at least the full minimum wage pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. §448.110.**

80.     The definition of the Class as set forth above is subject to amendment upon completion of discovery.

81.     The Class is so numerous as to make joinder impractical and judicially inefficient. The exact number of affected individuals can be determined by reviewing Defendants' records. Upon information and belief, during the period of time that the Defendants operated Grill on the Alley, more than 50 servers have been employed.  Information on the size of the class is presently in the possession of the Defendants.

82.     Many of these affected workers, having identical claims to the named Plaintiffs, are former employees.

83.     Plaintiffs' claims involve questions of law and fact common to the Class because the Plaintiffs and other servers and bartenders were subject to Defendants' company-wide pay policy/practice of improper tip sharing wherein Plaintiffs and other servers and bartenders paid Grill on the Alley's expediters a portion of their tips per shift, and additionally, required Plaintiffs and other server and bartenders to attend employee meetings without compensation. Such improper tip pooling/sharing and/or improper deductions, rendered invalid the "tip credit" Defendants took against Plaintiffs' and the Class' then-applicable Florida minimum wages. Because the Defendants failed to meet all the requirements of taking a tip credit, as enumerated in the Fair Labor Standards Act, 29 U.S.C. §§ 203(m),(t), which is incorporated by the Florida Minimum Wage Act and Amendment, Defendants unlawfully availed themselves of a "tip credit."

84.     Common questions of law and fact exist as to all members of the proposed Class, including the Plaintiffs, and predominate over any questions affecting solely individual members of the Class.

85.     Among the questions of law and fact common to the Class are:

a.   Whether Defendants paid their servers $3.02 *less* than the then-applicable Florida minimum wage for each hour worked.

b.   Whether Defendants took a tip credit against the minimum wages paid to their bartenders;

c.   Whether the Defendants failed to compensate servers and bartenders for attendance at required employee meetings;

d.   Whether Defendants had a pay practice or policy wherein Plaintiffs and the Class shared their tips with expediters who do not "customarily and regularly" participate in tip pooling/sharing arrangements and are not "tipped employees," as defined by 29 U.S.C. § 203(t).

e.   Whether the Defendants had a policy or practice of making improper deductions and paying the Plaintiffs and the Class a reduced server or bartender minimum wage.

f.   Whether the above-alleged wage policies or practices violate the Florida Minimum Wage Act, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

g.  Whether the Defendants paid the Plaintiffs and the Class all the minimum wages owed to them.

h.  Whether the Defendants' failure to pay the Plaintiffs and the Class at the applicable minimum wage rates was willful.

i.  Whether any defenses the Defendants' may raise are valid defenses to the wage violations alleged.

j.  Whether the Plaintiffs and the Class have sustained damages, liquidated damages and, if so, the proper measure thereof.

86.  The relief sought by the Plaintiffs and the Class is common to the entire Class:

a.  Payment by the Defendants of actual damages cause by their failure to pay the minimum wages pursuant to the Florida Constitution and Florida law.

b.  Payment by the Defendants of liquidated damages;

c.  Recoupment of tips paid to the expediters; and

d.  Payment by the Defendants of costs and expenses of the action, including attorneys' fees.

87.  The Plaintiffs' claims are typical of the claims of the members of the Class because:

a.          Plaintiffs and the proposed Class were similarly subjected to a company-wide, uniform policy of requiring employees attend meetings without paying them compensation for that time;

b.          Plaintiffs and the proposed Class were similarly subject to Defendants' company-wide pay policy or practice of sharing tips with the Defendants' expediters, whom do not regularly or customarily receive tips and whom are not eligible to receive tips.

88.      The Plaintiffs will fairly and adequately protect the interests of the Class. The Plaintiffs have no relationship with Defendants except that they are currently employed by them. Plaintiffs will vigorously pursue the claims of the Class.

89.      The Plaintiffs have retained counsel competent and experienced in class actions and wage and hour law, and Plaintiffs' counsel has no conflict of interest with other Class members in the maintenance of this class action.

90.      Plaintiffs know of no difficulty in managing the litigation that would preclude class maintenance.

91.      The Class as defined herein is maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure in that:

a.          Inconsistent or varying adjudications of Defendants' wage practices with respect to individual members of the Class would establish incompatible standards of conduct for the Defendants;

b.   Class certification will not establish incompatible standards of conduct for the Defendants because if any of the wage practices is determined to be invalid, Defendants need only (a) stop taking a tip credit or fulfill the requirements for taking a tip credit, (b) pay the Plaintiffs and the Class members the tip credit deducted from their minimum wage for the relevant time period, (c) actually pay servers and bartenders for employee meetings;

c.   Adjudication of the policy/practice of having servers and bartenders share tips with expediters, or attend company meetings without compensation, as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

92. The Class as defined herein is certifiable.  Defendants have acted on grounds generally applicable to the Class in that they have acted in a uniform manner company-wide with respect to all members of the Class, thereby making declaratory and or injunctive relief concerning the Class as a whole appropriate.  Plaintiffs and the Class were similarly subjected to a uniform policy or practice of having a tip credit deducted from their full minimum wages, in addition to requiring Plaintiffs and the Class to attend employee meetings without compensation.  Moreover, the Plaintiffs and the Class were subject to a generally applicable, uniform pay practice/policy of being required to share their tips with expediters.

93. Alternatively, the Class as defined herein is certifiable because:

a.   A Class representation is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members

18

is impracticable. Individual actions would present a risk of inconsistent decisions, even though the conduct of Defendants has been uniform with respect to each Class member. Furthermore, because the monetary damages suffered by individual Class members may be relatively small ($3.02 for each hour worked, or payment for the approximately 15 hours per year attending employee meetings), the expenses and burden of individual litigation make it impracticable for the Class and Defendants to individually litigate the alleged wage violations. Plaintiffs believe that Class members, to the extent they are aware of their rights against Defendants as alleged herein, would have difficulty securing counsel to litigate their claims on an individual basis because of the relatively small nature of individual damages, and that a class action is the only feasible means of recovery for the Class members.

b.        And, questions of law or fact common to the claims of the representative Plaintiffs and the claims of each Class member predominate over any questions of law or fact affecting only individual members of the class. Since the Defendants' alleged unlawful acts were the same and committed at the same restaurant—the Florida Minimum Wage Act, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110 are applicable to all Class members.

94.    The Plaintiffs and the Class are entitled to recover damages, liquidated damages, equitable relief, post-judgment interest, and attorneys' fees and costs as result of Defendants' conduct in violation of the Florida Minimum Wage Act, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

95.     Plaintiffs envision no difficulty in the management of this action as a class action.

96.     Damages may be calculated from the payroll records and other records maintained in Defendants' offices to the extent that they are accurate and from testimony, so that the cost of administering a recovery for the Class can be minimized.

97.     The Class members were entitled to be paid the full, applicable Florida minimum wage for each hour worked during their employment with Defendants because the tip credit the Defendants took was invalid.

98.     During the time the each Class member was employed by Defendants, the Defendants failed to pay each Class member his or her full Florida minimum wages due.

99.     Defendants' failure to pay Class members the full, applicable Florida minimum wage violated Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

100.    Defendants' violations were willful.

101.    Pursuant to Article X, §24 Fla. Const. and Fla. Stat. §448.110, the Class members are entitled to the full minimum wage for each hour worked, an equal amount of liquidated damages, recoupment of their tips paid to the expediter, equitable relief, as well as their attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of all others similarly situated, request judgment against the Defendants and in favor of each Class member Defendant employed for unpaid minimum wages, an equal amount in liquidated damages, recoupment of each class member's tips paid to the expediter, equitable relief, declaratory relief, post-judgment interest, costs of suit and reasonable attorney's fees, and such other and further relief as the Court may deem proper.

20

## JURY DEMAND

The Plaintiffs individually and on behalf of the Class demands trial by jury as to all claims so triable.

Dated:  January  6, 2015.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiffs
1930 Tyler Street
Hollywood, Florida  33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

/s/. Peter Bober
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248