IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CONSENT CASE**

TODD JEROME, MALIK WHITE
and JENNIFER GILNER, for
themselves and those similarly
situated,

    Plaintiffs,

    v.                                          Case No. 1:15-CV-20024-EGT

GRILL CONCEPTS, INC., a foreign
Corporation d/b/a GRILL ON THE
ALLEY,

    Defendant.

**JOINT MOTION FOR COURT REVIEW AND APPROVAL OF
SETTLEMENT AGREEMENT AND UPON COURT APPROVAL, FOR
DISMISSAL OF THIS ACTION WITH PREJUDICE AND
MEMORANDUM IN SUPPORT**

The plaintiffs and the defendant respectfully move this Court to approve the parties' settlement of the above captioned action, and upon Court approval of the terms of the settlement, to dismiss this action with prejudice. As plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the parties' settlement must be approved by this Court. In support of this Motion, the parties state as follows:

1. On January 6, 2015, the three named plaintiffs filed this action alleging claims for minimum wages and unpaid overtime compensation under the FLSA. 29 U.S.C. § 207. Plaintiffs also alleged claims under Florida law, but those claims were not part of the Amended Complaint (Dkt. No. 121), which is the operative pleading.

2. The plaintiffs alleged on behalf of themselves and other similarly situated, minimum wage and overtime claims. Specifically, the plaintiffs alleged that they had been employed as servers and bartenders at defendant's Grill on the Alley restaurant in Aventura, Florida. Among other things, plaintiffs contended that they were tipped employees and defendant had taken a tip credit against the minimum wage. They further alleged that they had participated in a tip pool with other employees, including those employees who worked in the position of "expeditor." According to the plaintiffs, the participation of the expeditors in the tip pool was improper and it invalidated the tip pool under the FLSA. Plaintiffs also asserted that they had not been properly paid for meetings they had attended. The plaintiffs Gilner and White further alleged they had not been paid the proper overtime rate.

3. Defendant subsequently filed an Answer denying liability and contending, <u>inter alia</u>, that the expeditors had sufficient customer interaction such that their participation in the tip pool was proper under the FLSA.

4. On June 11, 2015, the Court granted the plaintiffs' Motion for Preliminary Certification of the Class as a Collective Action under the FLSA. (Dkt. No. 47).

5. In addition to the named plaintiffs, 27 other persons filed Consents to Sue pursuant to § 216(b) of the FLSA. Two opt-in plaintiffs eventually dismissed their claims because they arose outside the three year statute of limitations in the Portal Act. 29 U.S.C. § 255. As a result, there presently are a total of 30 plaintiffs in this action.

6. The parties conducted discovery concerning the amount of compensation paid to the plaintiffs, their hours of work and the job duties of the expeditors at Aventura.

7. During the course of discovery, plaintiffs deposed a number of defendant's managers, the corporate defendants, an expeditor, and other witnesses and defendant deposed a number of the plaintiffs. At the time the parties reached a resolution, they planned to conduct further depositions.

8. While discovery was proceeding, the parties also engaged in settlement negotiations and participated in a private mediation in January 2016. Although the mediation did not resolve the case, the parties continued their negotiations and ultimately reached an agreement to settle their dispute.

9. Plaintiffs' counsel has advised the plaintiffs regarding defendant's settlement offer as it pertains to the factual and evidentiary issues plaintiffs would face if the case were to proceed to trial. Following due consideration, the plaintiffs have agreed to accept defendant's offer to settle.

10. The parties subsequently executed an Agreement detailing the terms of the settlement with respect to the plaintiffs. (A copy of the Parties' "Release and Settlement Agreement" is being separately submitted to the Court in chambers for *in camera* review).

11. The parties now ask the Court to approve the settlement and dismiss this action with prejudice. A proposed Order is attached hereto as Exhibit "A."

## **MEMORANDUM OF LAW**

In general, there are two ways in which claims under the FLSA can be settled and released by an employee. First, the FLSA permits an employee to settle and waive his or her claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c).

Second, where an employee has filed a lawsuit, claims under the FLSA can be settled and released by an employee upon court approval. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). In describing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSAA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

A strong presumption exists to find a settlement fair and reasonable. See Hamilton v. Frito-Lay, Inc., No. 6:05-Orl-22JGG, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007). In determining whether the settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and, (6) the opinions of the counsel. See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994).

Under the first of these factors, there certainly is no evidence of fraud or collusion in the present case. Rather, the settlement was reached after arms-length negotiations between counsel for the parties. Second, the settlement occurred after

substantial discovery had been conducted, but before discovery had been completed. It additionally occurred prior to the filing of dispositive motions and the scheduling of the case for trial.[1]

With respect to the remaining factors, there is no question that the parties disputed the job duties the expeditors performed. The plaintiffs insisted, among other things, that the expeditors' interaction with customers was insufficient to meet the definition of employees who "customarily and regularly" received tips within the meaning of 29 U.S.C. § 203(m). On the other hand, defendant contended that the expeditors provided direct customer service in the daily performance of their job duties and consequently should be considered tipped employees. See Kilgore v. Outback Steakhouse of Florida, 160 F.3d 294 (6th Cir. 1998).

The parties similarly disputed plaintiffs' claims concerning meetings. The plaintiffs alleged that they had not been paid for all mandatory meetings and other meetings that benefited defendant that they had attended. The defendant, however, argued that the plaintiffs had been paid for mandatory meetings and that some of the meetings plaintiffs had questioned had been voluntary rather than mandatory.

With respect to the overtime claim, the defendants conceded during the

---

[1] The original trial date of June 6, 2016 was vacated by the Court's Order of February 23, 2016 (Dkt. No. 129). At the time of settlement, the parties were attempting to schedule a new trial date.

lawsuit that an incorrect rate had been inadvertently applied in some situations, but disputed the plaintiffs' entitlement to liquidated damages.

Accordingly, there was a significant dispute between the parties that created uncertainties about the ultimate outcome of the litigation. From the plaintiffs' perspective, a potential existed that the defendant could prevail through a dispositive motion or that a verdict for the defendant might be returned at trial. From the defendant's perspective, there also was the potential for an adverse result as well as the fact that each side would continue to incur substantial attorneys' fees and costs if the case continued.

Recognizing these risks, the parties believe that a settlement is in their mutual interests. As described in the Agreement, the settlement provides for a payment to each class member as well as the payment of attorneys' fees and costs. The amount payable to each class member is based on the formula described in Section 4(c) of the Agreement and a spreadsheet, specifying the amount to be paid to each class member is attached as Exhibit "1" to the Agreement. The parties submit that this represents a fair and reasonable resolution of plaintiffs' claims.

With respect to the attorneys' fees and costs, the defendant stipulates that the amount being paid to plaintiffs' counsel under the terms of the settlement is fair and reasonable. The plaintiffs' counsel represent that they significantly reduced their fees and costs to facilitate settlement.

7

WHEREFORE, plaintiffs and defendant respectfully request that this Honorable Court enter an order granting their Joint Motion for Settlement Approval, and Upon Court Approval, dismissing this Action, with prejudice, and retaining jurisdiction to enforce the terms of Settlement.

Respectfully submitted, this 6th day of May, 2016.

|  |  |
|---|---|
| /s/ Peter Bober | /s/ Kimberly Gilmour |
| Peter Bober, Esq. | Kimberly A. Gilmour, Esq. |
| Samara Bober, Esq. | Kimberly A. Gilmour, P.A. |
| Bober & Bober, P.A. | Florida Bar No. 475629 |
| 1930 Tyler Street | 4179 Davie Road, Suite 101 |
| Hollywood, FL 33020 | Davie, Florida 33314 |
| (954) 922-2298 tel. | (954) 584-6460 tel. |
| (954) 922-5455 fax | (954) 327-1555 fax |
| peter@boberlaw.com | gilmourlawyer@gmail.com |
| samara@boberlaw.com | |
| | Paul E. Wagner, Esq., |
| *Attorneys for Plaintiffs* | admitted *pro hac vice* |
| | pwagner@stokeswagner.com |
| | John R. Hunt, Esq., admitted *pro hac vice* |
| | jhunt@stokeswagner.com |
| | Stokes Wagner, ALC |
| | One Atlantic Center, |
| | Suite 2400 |
| | 1201 W. Peachtree Street |
| | Atlanta, Georgia 30309 |
| | *Attorneys for Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CONSENT CASE**

TODD JEROME, MALIK WHITE
and JENNIFER GILNER, for
themselves and those similarly
situated,

    Plaintiffs,

    v.                            Case No. 1:15-CV-20024-EGT

GRILL CONCEPTS, INC., a foreign
Corporation d/b/a GRILL ON THE
ALLEY,

    Defendant.

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date below a copy of the foregoing Joint Motion for Court Review and Approval of Settlement Agreement and Upon Court Approval, for Dismissal of this Action with Prejudice and Memorandum in Support was filed manually with the Court and served by U.S. Mail to the following counsel of record:

    Peter Bober, Esq.
    Samara Bober, Esq.
    Bober & Bober, P.A.
    1930 Tyler Street
    Hollywood, FL 33020

    This 6th day of May, 2016.

                                                    /s/ Kimberly Gilmour
                                                    _____
                                                    Kimberly A. Gilmour, Esq.